UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARYANNE NAWROCKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3413-SEP |
| | ) | |
| BI-STATE DEVELOPMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Maryanne Nawrocki's motion for leave to commence this civil action without payment of the required filing fee. After reviewing Plaintiff's financial information, the Court grants Plaintiff leave to proceed without payment of the filing fee. Additionally, as fully explained below, the Court will dismiss without prejudice the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff's action against defendant Bi-State Development ("Bi-State") arises out of an October 9, 2017 incident at the Civic Center transit station in St. Louis, Missouri. In her statement of the claim, Plaintiff states in full:

> WHAT [1] intentionally, malicious, injured at the Civic Center transit site. I have inferred, after some in depth thinking, it was an collaborated effort.
> WHEN [2] On October 09, 2017
> WHERE [3] I was ATTACKED at the Civil [sic] Center Transit site in St. Louis, Missouri
> WHAT [4] WHAT DID THEY DO, NOTHING, initially, state I was to be compensated, but changed their mind.

For relief, Plaintiff seeks "the compensation [she has] requested" from Bi-State or mediation.

**Discussion**

Liberally construed, Plaintiff seeks compensation from Bi-State for injuries she sustained during an attack at the Civic Center transit station. Although the Court acknowledges that Plaintiff claims she suffered permanent damage to her right foot, Plaintiff has not alleged any facts from which the Court could find Bi-State liable for such injuries. Her speculative, vague, and conclusory allegation that she has "inferred, after some in depth thinking, [that the attack] was a collaborated effort," wholly lacks factual support and is not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Plaintiff has alleged no facts that would allow the Court to find that Bi-State collaborated in any effort to harm Plaintiff. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Additionally, to the extent Plaintiff cites federal criminal statues 18 U.S.C. §§ 1113, 1503, and 2261A as a basis for jurisdiction, these statues are inapplicable. Section 1113 criminalizes attempted murder or manslaughter; § 1503 criminalizes attempts to influence or injure an officer of the court or juror;[1] and § 2261A criminalizes stalking. Moreover, Plaintiff does not have a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

For these reasons, under 28 U.S.C. § 1915(e)(2), the Court will dismiss without prejudice Plaintiff's complaint.

Accordingly,

---

[1] Plaintiff does not allege she was an officer of the court or a juror.

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this __30th__ day of January, 2020.

                                                    */s/ Sarah E. Pitlyk*
                                                  SARAH E. PITLYK
                                                  UNITED STATES DISTRICT JUDGE